IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1998 SESSION



**FILED**

**March 19, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

CHARLIE GILMORE, JR.,    )
                                )        No. 02-C-01-9611-CR-00421

        APPELLANT,     )
                                )        Shelby County

v.                              )
                                )        Chris Craft, Judge

STATE OF TENNESSEE,    )
                                )        (Post-Conviction Relief)

        APPELLEE.      )

FOR THE APPELLANT:

Deborah M. Henderson
Attorney at Law
50 North Front Street, Suite 1150
Memphis, TN 38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Elizabeth T. Ryan
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

Jerry R. Kitchen
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

Joe B. Jones, Presiding Judge

**O P I N I O N**

The appellant, Charlie Gilmore, Jr. (petitioner),[1] appeals as of right from a judgment of the trial court dismissing his post-conviction action after an evidentiary hearing. In this court, the petitioner contends the evidence contained in the record establishes he was denied his constitutional right to the effective assistance of counsel. After a thorough review of the record, the briefs submitted by counsel, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals. The evidence contained in the record does not preponderate against the trial court's findings of fact.

The petitioner claims his lawyer failed to interview two witnesses. The attorney who represented the petitioner testified the petitioner did not provide him with one of the names, and the second witness, the petitioner's sister, could not be located. The petitioner did not know the surname of one witness, but testified he "[could] find out" this person's name. Nevertheless, the petitioner did not present the testimony of either alleged witness during the evidentiary hearing. In short, the petitioner failed to establish he was prejudiced by trial counsel's alleged failure to locate and interview the petitioner's sister. Black v. State, 794 S.W.2d 752, 757-58 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

The petitioner alleges trial counsel failed to formulate a defense. The petitioner's mother was his chief witness. She died while this case was pending in the trial court. The testimony of the other defense witness was not helpful. The trial attorney testified the chances of the petitioner being acquitted were extremely "dim." Trial counsel was successful in having a twenty-year offer reduced to fifteen years, the minimum punishment for the offense.

The trial attorney did not cause the petitioner to change his plea from not guilty to guilty. The attorney explained the circumstances to the petitioner, provided him with the guilty plea forms, and left the room. When the attorney returned, the petitioner had signed the forms. The defendant was aware of the guilty plea procedure and the effect of such a plea because he entered a plea of guilty to sexual battery three years before the guilty plea in question. The transcript of the submission hearing supports the trial court's findings

[1]The petitioner was indicted and convicted as "Charlie Gilmore." "Charlie Gilmore" and "Charlie Gilmore, Jr." are the same person.

2

of fact.

                                        _____
                                            JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
        JOHN H. PEAY, JUDGE


_____
      THOMAS T. WOODALL, JUDGE